UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:19-cv-03757 |
| ) | |
| $15,000.00 UNITED STATES CURRENCY, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT OF FORFEITURE IN REM**

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Jeffrey D. Preston, Assistant United States Attorney, alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action seeking forfeiture of certain property pursuant to 21 U.S.C. § 881(a)(6) because the Defendant Property constitutes proceeds of, or is property used to facilitate, a violation of the Controlled Substances Act.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 (district courts have original jurisdiction of all civil actions commenced by the United States) and § 1355 (district courts have original jurisdiction of any action for forfeiture).

3. This Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b) (forfeiture action can be brought in a district in which any of the acts giving rise to the forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest property in

1

the government's possession).

4. This Court is the appropriate venue in this matter pursuant to 28 U.S.C. § 1395(a) and (b), in that the forfeiture accrued in the Southern District of Indiana.

## DEFENDANT CURRENCY

5. The Defendant is Fifteen Thousand Dollars and No Cents ("$15,000.00") in United States Currency (the "Defendant Currency"). The Defendant Currency was taken into custody of the United States Department of Homeland Security, Customs and Border Protection ("DHS-CBP"). The Defendant Currency has been assigned Asset Identification Number 17-CBP-000184.

## FACTS

6. On March 24, 2017, officers with the Homeland Security Investigations Parcel/Bulk Cash Smuggling Interdiction Task Force, comprised of the Indiana State Police ("ISP"), the Indianapolis Metropolitan Police Department ("IMPD"), and the Department of Homeland Security, Homeland Security Investigations ("DHS-HSI"), conducted a parcel / bulk cash smuggling interdiction operation at a parcel shipping company hub in Indianapolis.

7. Parcel / bulk cash smuggling interdiction operations are conducted because it has become common practice for smugglers to use shipping companies, such as Federal Express, to transport illegal controlled substances and their proceeds. Shipping companies provide illegal controlled substances smugglers with many benefits such as faster delivery with predictable dates, package tracking, and delivery confirmation. Based on information and experience, task force officers can easily identify suspicious packages with indicators, such as newly-bought boxes from the shipping company and excessive tape at the seams of the packages. Suspicious packages are typically sent via priority overnight shipping that has been paid for with cash. To

preserve anonymity, smugglers often use addresses, telephone numbers, or names that are falsified or incomplete. Packages sent to known source states for illegal controlled substances (*e.g.*, Texas, Arizona, California) draw increased suspicion, as do those sent from individual to individual, from non-business sender to non-business receiver, and from residence to residence. Traffickers will often package in a layered manner in an attempt to avoid detection by trained narcotics detection canines. The layered packaging is usually an attempt to mask or prevent any odors from escaping the interior of the package. Unlike legitimate business items or personal gifts – which typically contain notes, letters, receipts, cards, or coupons along with the cash or monetary instruments – narcotics traffickers rarely include any type of instruction with the proceeds.

8. During the course of the operation, a package being shipped by parcel service with a shipping label attached reflecting a tracking number of 7860 0666 9664 ("Parcel 9664" or the "Package"), was identified as suspicious. Parcel 9664 was addressed to Brey Gates, 2259 Marter Court, Simi Valley, CA 93065, TX#000-000-0000, and with a sender address of Customer Service, Amazon.com, 271 Omega Pkwy, Shepherdsville, KY 40165, TX#000-000-0000.

9. The package drew attention for several reasons, including that the sealed box had extra external tape; it was marked for priority overnight delivery; the mailing was paid by billing a third party; the shipper used all zeros for both the sender and receiver phone numbers; and it was being sent to a source state (California). In addition, it was sent from an unknown sender to a non-business receiver since although the package was labeled from a business address in Kentucky, it was actually shipped out of Maryland according to the shipping company.

 

10. A certified drug detection canine, handled by an IMPD officer, inspected Parcel 9664, along with other packages. The examination resulted in the canine's positive indication for the presence of the odor of a controlled substance on Parcel 9664. The drug detection canine had been trained and certified in detection, by odor, of marijuana, cocaine, crack cocaine, heroin, and methamphetamine.

11. The IMPD officer applied for a search warrant to inspect the interior of Parcel 9664 based on the suspicious appearance of the package and the canine's positive alert. On March 24, 2017, a Marion County Superior Court Judge granted the search warrant upon a finding of probable cause.

12. The officers executed the warrant to open Parcel 9664. Parcel 9664 was a sealed cardboard box with heavy external tape and inside was a heavily taped tin "Paw Patrol" children's toy box sealed by a padded plastic shipping bag. That toy box in turn contained several layers of packaging. A heat and vacuum-sealed plastic bag wrapped around with multiple layers of brown tape was sealed inside a heavy layer of clear tape packaging. Within the vacuum-sealed bag, the officers discovered rubber-banded stacks of twenty-dollar bills covered by layers of dryer sheets wrapped around by more brown packing tape. The stacks of

U.S. Currency totaled $15,000.00.  As discussed above, multi-layered packaging methods are commonly used by smugglers in an attempt to mask the presence of the odor of a controlled substance.  There was no document or correspondence indicating the purpose for which the $15,000.00 in currency was shipped.



13.     After the package was opened, officers conducted an inspection of the currency using the drug detection canine.  The canine again alerted for the presence of the odor of a controlled substance, indicating that the $15,000.00 has a threshold of controlled substance contamination.

14.     As there was probable cause to seize the currency for violations of federal and state controlled substance laws, the $15,000.00 was seized and taken into custody by ISP, pending the issuance of a state turnover order.

15.     Federal agents and analysts conducted background research on the information provided on Parcel 9664's shipping label.  When searching the sender address, Google Earth (a

satellite based mapping tool) and CLEAR (a law enforcement database maintained by Thompson Reuters) records checks showed an Amazon facility was located at 271 Omega Pkwy, Shepherdsville, KY 40165. However, shipping records indicated the package was entered the FedEx stream in the state of Maryland and Amazon does not ship items in the manner Parcel 9664 was shipped.

16. As for the receiver information listed on Parcel 9664, a search of the Google Earth and CLEAR database showed the recipient was not associated with the address on the shipping label. A CLEAR database check with the name of Brey Gates within the state of California was negative, indicating that no such person resides within the state. CLEAR records checks revealed that a Timothy John Green was associated with the receiver address.

17. On June 19, 2019, the Marion Superior Court, Civil Division, issued its order transferring the Defendant Currency to the appropriate federal authority. *See* Marion County Superior Court, Civil Division, Docket 49D05-1704-MI-013758. On July 6, 2017, the Defendant Currency was transferred to DHS-HSI, which subsequently transferred the Defendant Currency to DHS-CBP.

18. Administrative forfeiture was not initiated because notice could not be given to potential claimants within 90 days of the date of the seizure due to a state turnover order allowing for the transfer of the Defendant Currency to DHS-HSI and DHS-CBP not provided timely.

19. It is against Federal Express policy, as stated on its website, to ship cash via Federal Express. *See* FedEx Freight FXF 100 Series Rules Tariff, *available at* https://www.fedex.com/en-us/service-guide/terms/other-services.html.

## PERTINENT STATUTES

20. Under 21 U.S.C. § 841(a)(1)-(2), it is unlawful for any person to manufacture,

distribute, or dispense—or possess with intent to manufacture, distribute, or dispense—a controlled substance.

21. Under 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act, including 21 U.S.C. § 841(a)(1), shall be subject to forfeiture to the United States, and no property right shall exist in them.

## CLAIM FOR RELIEF

22. Based on the factual allegations set forth above, the Defendant Currency is "moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance," and/or "proceeds traceable to such an exchange," and/or "moneys … used or intended to be used to facilitate any violation of [the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*]," and are therefore subject to forfeiture to the United States of America pursuant to Title 21, United States Code, Section 881(a)(6).

WHEREFORE, the United States prays that the Clerk of the Court issue a warrant for the arrest of the Defendant Currency pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendant Currency forfeited to the United States for disposition according to law; and that the United States be granted all other just and proper relief.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

By: *s/Jeffrey D. Preston*
Jeffrey D. Preston
Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333

## VERIFICATION

I, G. Scott Thompson, hereby verify and declare under penalty of perjury that I am a Special Agent for Homeland Security Investigations ("HSI"), that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief, and as to those matters I believe to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement offices, as well as my investigation of this case, together with others, as a Special Agent with HSI.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 08-27-2019

G. Scott Thompson
Special Agent, HSI

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff  
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  
*(IN U.S. PLAINTIFF CASES ONLY)*  
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❐ 1 U.S. Government Plaintiff
- ❐ 2 U.S. Government Defendant
- ❐ 3 Federal Question *(U.S. Government Not a Party)*
- ❐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❐ 1 | ❐ 1 | Incorporated *or* Principal Place of Business In This State | ❐ 4 | ❐ 4 |
| Citizen of Another State | ❐ 2 | ❐ 2 | Incorporated *and* Principal Place of Business In Another State | ❐ 5 | ❐ 5 |
| Citizen or Subject of a Foreign Country | ❐ 3 | ❐ 3 | Foreign Nation | ❐ 6 | ❐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ❐ 625 Drug Related Seizure of Property 21 USC 881 | ❐ 422 Appeal 28 USC 158 | ❐ 375 False Claims Act |
| ❐ 120 Marine | ❐ 310 Airplane / ❐ 365 Personal Injury - Product Liability | ❐ 690 Other | ❐ 423 Withdrawal 28 USC 157 | ❐ 400 State Reapportionment |
| ❐ 130 Miller Act | ❐ 315 Airplane Product Liability / ❐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❐ 410 Antitrust |
| ❐ 140 Negotiable Instrument | ❐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ❐ 430 Banks and Banking |
| ❐ 150 Recovery of Overpayment & Enforcement of Judgment | ❐ 330 Federal Employers' Liability | | ❐ 820 Copyrights | ❐ 450 Commerce |
| ❐ 151 Medicare Act | ❐ 340 Marine / ❐ 368 Asbestos Personal Injury Product Liability | | ❐ 830 Patent | ❐ 460 Deportation |
| ❐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❐ 345 Marine Product Liability | | ❐ 840 Trademark | ❐ 470 Racketeer Influenced and Corrupt Organizations |
| ❐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** / **SOCIAL SECURITY** | ❐ 480 Consumer Credit |
| ❐ 160 Stockholders' Suits | ❐ 350 Motor Vehicle / ❐ 370 Other Fraud | ❐ 710 Fair Labor Standards Act | ❐ 861 HIA (1395ff) | ❐ 490 Cable/Sat TV |
| ❐ 190 Other Contract | ❐ 355 Motor Vehicle Product Liability / ❐ 371 Truth in Lending | ❐ 720 Labor/Management Relations | ❐ 862 Black Lung (923) | ❐ 850 Securities/Commodities/ Exchange |
| ❐ 195 Contract Product Liability | ❐ 360 Other Personal Injury / ❐ 380 Other Personal Property Damage | ❐ 740 Railway Labor Act | ❐ 863 DIWC/DIWW (405(g)) | ❐ 890 Other Statutory Actions |
| ❐ 196 Franchise | ❐ 362 Personal Injury - Medical Malpractice / ❐ 385 Property Damage Product Liability | ❐ 751 Family and Medical Leave Act | ❐ 864 SSID Title XVI | ❐ 891 Agricultural Acts |
| | | ❐ 790 Other Labor Litigation | ❐ 865 RSI (405(g)) | ❐ 893 Environmental Matters |
| | | ❐ 791 Employee Retirement Income Security Act | | ❐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❐ 896 Arbitration |
| ❐ 210 Land Condemnation | ❐ 440 Other Civil Rights / **Habeas Corpus:** | | ❐ 870 Taxes (U.S. Plaintiff or Defendant) | ❐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❐ 220 Foreclosure | ❐ 441 Voting / ❐ 463 Alien Detainee | | ❐ 871 IRS—Third Party 26 USC 7609 | |
| ❐ 230 Rent Lease & Ejectment | ❐ 442 Employment / ❐ 510 Motions to Vacate Sentence | | | ❐ 950 Constitutionality of State Statutes |
| ❐ 240 Torts to Land | ❐ 443 Housing/ Accommodations / ❐ 530 General | | | |
| ❐ 245 Tort Product Liability | ❐ 445 Amer. w/Disabilities - Employment / ❐ 535 Death Penalty | **IMMIGRATION** | | |
| ❐ 290 All Other Real Property | ❐ 446 Amer. w/Disabilities - Other / **Other:** | ❐ 462 Naturalization Application | | |
| | ❐ 448 Education / ❐ 540 Mandamus & Other | ❐ 465 Other Immigration Actions | | |
| | ❐ 550 Civil Rights | | | |
| | ❐ 555 Prison Condition | | | |
| | ❐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❐ 1 Original Proceeding
- ❐ 2 Removed from State Court
- ❐ 3 Remanded from Appellate Court
- ❐ 4 Reinstated or Reopened
- ❐ 5 Transferred from Another District *(specify)*
- ❐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:  
**JURY DEMAND:** ❐ Yes ❐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*  
JUDGE  
DOCKET NUMBER

DATE  
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
   **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
   **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:19-cv-03757 |
| ) | |
| $15,000.00 UNITED STATES CURRENCY, ) | |
| ) | |
| Defendant. ) | |

**WARRANT FOR ARREST OF PROPERTY**

TO:   ANY OFFICER OR EMPLOYEE OF THE UNITED STATES

WHEREAS a Complaint for Forfeiture In Rem has been filed in this Court on the 4th day of September, 2019, by Josh J. Minkler, United States Attorney for the Southern District of Indiana, against fifteen thousand dollars in United States Currency ("$15,000.00"), defendant herein, for reasons and causes set forth in the Complaint;

YOU ARE HEREBY COMMANDED to take custody of and to deliver the defendant currency into the possession of the United States of America, to be detained in the possession of the United States or its designee until further order of this Court, and you will make return thereon not later than ten (10) days after execution of process.

Dated: _____

_____
Laura A. Briggs, Clerk
United States District Court
Southern District of Indiana

Arrest Warrant to be issued by the Clerk pursuant to
Rule G(3)(b)(i) of the Supplemental Rules for
Admiralty or Maritime Claims and Asset Forfeiture Actions,
for property in custody of the United States.